UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDA G.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 2:23-cv-12478

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [21],
ADOPTING REPORT AND RECOMMENDATION [20],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10],
& GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]**

The Commissioner of the Social Security Administration ("SSA") denied the application of Plaintiff Ronda G. for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 1, PgID 2. After the SSA Appeals Council declined to review the ruling, Plaintiff appealed. The Court referred the matter to Magistrate Judge Anthony P. Patti, and the parties cross-moved for summary judgment. ECF 10; 18. The magistrate judge issued a Report and Recommendation ("Report") and suggested that the Court should deny Plaintiff's motion and grant the Commissioner's motion. ECF 20. Plaintiff filed timely objections to the Report. ECF 21. After examining the record and considering Plaintiff's objections de novo, the Court will adopt the Report's findings, deny Plaintiff's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

1

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action against the Commissioner. ECF 20, PgID 1387–89. The Court will adopt that portion of the Report and incorporate the background by reference.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept [it] as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the

entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Plaintiff made two objections. The Court will address each objection, overrule them, and adopt the Report.

I. <u>The Mental Effect of Out-of-Home Activities</u>

Plaintiff objected first to the magistrate judge's "suggestion that the ALJ was not required to consider the mental effect of Plaintiff's performance of daily activities outside of the home." ECF 21, PgID 1411 (alteration omitted). To be sure, an ALJ cannot consider activities that the claimant can perform while ignoring or mischaracterizing limitations on the claimant's ability to perform those activities. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248–49 (6th Cir. 2007); *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789 (6th Cir. 2009). The Court, however, is not convinced that the magistrate judge suggested otherwise. Instead, the magistrate judge determined that the ALJ did not ignore or mischaracterize relevant limitations. ECF 20, PgID 1399–40.

One of Plaintiff's own examples is illustrative. First, Plaintiff pointed to the magistrate judge's treatment of the ALJ's use of evidence that Plaintiff could drive. The magistrate judge explained that the ALJ did not ignore Plaintiff's inability to drive further than six miles from home. Instead, the magistrate judge properly

3

recognized that the ALJ used Plaintiff's ability to drive *at all* to assess her baseline mental capacities, including those for "concentration, persistence, and pace" and to "remember, socialize, and exercise judgment." *See* ECF 6-1, PgID 837, 842; ECF 20 1399–400. Plaintiff's asserted distance limitation was not implicitly ignored, because it was not necessary to that specific use of her ability to drive.

Contrary to Plaintiff's assertion, *see* ECF 21, PgID 1412, the magistrate judge did not conclude as a matter of law that anyone who can drive cannot be disabled. Rather, the magistrate judge merely observed, as discussed above, that the ability to drive at all has at least some relevance to a claimant's mental capacities even if they are limited in how far they can drive. ECF 20, PgID 1399–400.

Plaintiff next complained that the "ALJ overlooked evidence" that Plaintiff (1) was obsessed with the notion of being called for jury duty, (2) was unsuccessful in two attempts to go to the gym, and (3) presented with excessive anxiety at doctor's appointments in 2018. ECF 21, PgID 1413–14.[1] But those arguments simply restate the arguments that Plaintiff presented to the magistrate judge and do not identify any specific error in the Report. ECF 10, PgID 1303; ECF 19, PgID 1357. Accordingly,

---

[1] The record reflects that the ALJ considered all of the listed issues in rendering her first decision. *See* ECF 6-1, PgID 41 (citing the doctor's report discussing jury duty when discussing Plaintiff's "obsessive thoughts," referring to Plaintiff's abortive attempts to go to the gym, and discussing treatment notes from Plaintiff's 2018 doctor's visits); *cf. Cole v. Astrue*, 661 F.3d 931, 938 (6th Cir. 2011) (describing as "accurate" the concept that if an ALJ "correctly addressed" an issue in her "first decision" then she "is not required to re-analyze it in a subsequent decision"). And the ALJ's consideration of this evidence was not the subject of the Court's prior order remanding the case. Regardless, for purposes of this motion, the Court relies on only the instant ALJ order.

it is an improper objection that the Court need not consider. *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016).

In view of the Report's treatment of the ALJ's analysis, Plaintiff essentially asks the Court either to rehash the arguments presented to the magistrate judge or to reweigh the substantial evidence supporting the ALJ's decision. The Court will not do the former and cannot do the latter. *See id.*; *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019) ("This court does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job."). The Court will overrule Plaintiff's first objection.

II.  Lack of Evidence Regarding Undependability

Plaintiff next objected that the magistrate judge erred by finding permissible one statement by the ALJ concerning Plaintiff's ability to attend work. ECF 21, PgID 1414. Specifically, the ALJ noted that there was "no evidence" to support a finding that Plaintiff was "so undependable" in work settings that she would miss six days of work per month. *See id.* The Court, however, agrees with the magistrate judge that this argument largely boils down to a misreading of the ALJ's opinion. *See* ECF 20, PgID 1402–03.

The ALJ considered evidence that Plaintiff argued demonstrates her undependability. *See* ECF 6-1, PgID 837. Given the ALJ's awareness of Plaintiff's asserted limitations, the most straightforward reading of the ALJ's decision is that she nonetheless concluded that there was "no evidence" supporting the *high level* of undependability asserted by Plaintiff's physician. *Id.* at 842. Plaintiff essentially

5

argued that any evidence suggesting any undependability refutes the ALJ's statement that there "is simply no evidence to support finding the claimant is *so undependable* [as to miss six days of work per month]." ECF 6-1, PgID 842 (emphasis added); ECF 21, PgID 1415. But Plaintiff's selected reading—relying on the word "no"—is not intuitive and ignores the role that "so" plays in the sentence. The Court will therefore overrule the second objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Plaintiff's objections. The Court finds Plaintiff's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [21] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [20] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [18] is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED**.

                                                  s/Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: September 20, 2024